IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 72,664-01






EX PARTE DANNY EUGENE MYLES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 296-81355-91 IN THE 296TH DISTRICT COURT


FROM COLLIN COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to twenty years' imprisonment. 

 Applicant contends that he is being denied credit for time spent released on mandatory
supervision prior to revocation. Applicant has alleged facts that, if true, might entitle him to relief. 
Ex parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the
trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit listing Applicant's sentence begin date and the dates of issuance of any parole-revocation
warrants leading to the revocation of such parole or mandatory supervision. The affidavit should
state whether Applicant is serving a sentence for, or has previously been convicted of, an offense
which was listed in Tex. Gov't Code § 508.149(a) at the time of Applicant's revocation. The
affidavit should also address how much time was remaining on this sentence on the date that
Applicant was released on mandatory supervision, and how much time Applicant spent on release
before the issuance of the parole-revocation warrant. The affidavit should state whether or not
Applicant is receiving credit for any of the time spent on mandatory supervision. Finally, the
affidavit should indicate whether or not Applicant has submitted his claim to the time credit
resolution system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is eligible to earn street time credit, and if
so, whether he is entitled to credit for his time spent on release. The trial court shall also make
findings as to whether Applicant is receiving the proper amount of time credit for that time. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: October 7, 2009

Do not publish